**FILED**
APR 0 2 2009
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES M. BROWN, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. **09 0614** |
| ELLIOTT QUEEN, ESQUIRE, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

This matter comes before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint.

After a jury found plaintiff guilty of identity theft, fraud in obtaining public assistance, conspiracy, unlawful food stamp usage, and false representation, the Superior Court of the District of Columbia sentenced him to 22 months' incarceration followed by five years' supervised release. Compl., Attach. at 1. Generally, plaintiff alleges that his attorney refused to present favorable evidence that plaintiff had supplied to the attorney, and that his attorney conspired with the prosecutor to his detriment. *See id.* at 1-5. Plaintiff demands "a public declaration" that his attorney and the prosecutor "conspired together for [his] demise whether by indifference or omission." Compl. at 5.

Insofar as plaintiff is alleging that his attorney rendered ineffective assistance of counsel, this claim must be brought by motion in the Superior Court under D.C. Code § 23-110. In relevant part D.C. Code § 23-110 provides:

[An] application for a writ of habeas corpus in behalf of a prisoner

> who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Insofar as plaintiff alleges that his attorney and the prosecutor conspired to obstruct justice or to deprive him of his civil rights under 42 U.S.C. § 1985, his claim fails. The elements of civil conspiracy are "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme." *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983). Here, plaintiff's allegations as to the existence if a conspiracy are insufficient, as conclusory allegations of an agreement will not suffice. *See, e.g., Brady v. Livingood*, 360 F. Supp. 2d 94, 104 (D.D.C. 2004) (mere allegation that defendants "agreed among themselves" to subject plaintiff to discriminatory acts, without alleging facts suggesting that the defendants were acting in concert in furtherance of a shared goal of discriminating against him not sufficient) (footnote and citations omitted).

Accordingly, the Court will dismiss the complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. An Order consistent with this Memorandum Opinion will be issued separately on this date.

/s/ Reggie B. Walton
United States District Judge

Date: March 26, 2009